UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00013-HBB

JOIE C. MEREDITH                                                                                    PLAINTIFF

VS.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security                                                                DEFENDANT

## MEMORANDUM, OPINION, AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Joie C. Meredith ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 13) and Defendant (DN 16) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 9). By Order entered April 19, 2016, (DN 10), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff filed an application for disability insurance and Supplemental Security Income benefits on December 21, 2010, and December 27, 2010, respectively (Tr. 220, 222). Plaintiff alleged that he became disabled on September 8, 2008 as a result of PTSD, a seizure disorder, COPD, hypertension, and difficulties with his lower extremities (Tr. 287). Administrative Law Judge Michael Nichols ("ALJ") conducted a hearing on April 29, 2014 in Bowling Green, Kentucky. Plaintiff was present and represented by Ron Hampton, an attorney. Also present and testifying was vocational expert Stephanie Barnes.

In a decision dated September 5, 2014, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 9-33). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 8, 2008, the alleged onset date (Tr. 15). Notably, this decision comes as the result of a supplemental hearing following a previous unfavorable decision. Plaintiff was previously erroneously credited with substantial gainful activity as a result of a confusion in social security numbers. The ALJ notes this and accepts this finding (Id.). At the second step, the ALJ determined that Plaintiff's seizure disorder, obesity, hypertension, diabetes, degenerative disc disease of the cervical and lumbar spine, history of remote ligament surgery to the ankles, bipolar disorder and anxiety disorder NOS vs. questionable mood disorder vs. bipolar II disorder, post-traumatic stress disorder, and dependent traits are "severe" impairments within the meaning

of the regulations (Tr. 16). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 16).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity (RFC) to perform a restricted range of sedentary work (Tr. 18). More specifically, the ALJ found that Plaintiff cannot climb ladders, ropes, and scaffolds or be exposed to unprotected heights or dangerous machinery (Id.). He can perform simple tasks that are not fast paced or quota driven, and his work should be devoid of interaction with the public and have less than minimal (ten percent or less) interaction with coworkers (Id.). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of his past relevant work in quality assurance and as a materials handler (Tr. 25).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 26-27). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 27). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from September 8, 2008, through the date of the decision (Tr. 27).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 6-8). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

> 5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step, finding that a significant number of jobs exist that Plaintiff can perform despite his limitations (Tr. 26-27). Plaintiff challenges the ALJ's findings on three grounds. First, Plaintiff argues the ALJ should have found transient ischemic attack to be an additional severe impairment (DN 13 p. 10). Second, the ALJ failed to evaluate whether Plaintiff's history of reconstructive ankle surgery qualified him for a finding of disabled under Listing 1.03 (Id. at p. 4-5). Finally, Plaintiff argues the ALJ erred where he did not discuss his decision to exclude a sit/stand option that was part of an RFC determination from a prior unfavorable decision (Id. at p. 7-8). For the reasons set forth below, each of these arguments is without merit.

A

Plaintiff first argues the ALJ ignored substantial evidence of transient ischemic attack. Plaintiff primarily relies on hospital records noting difficulty with speech (DN 13 p. 3 (citing Tr. 725-26, 671-72)). These records indicate issues of left facial droop, numbness on the left side of the face, and weakness of the left leg on examination (Tr. 725). Plaintiff's symptoms led to a hospital diagnosis of transient ischemic attack (Tr. 672). Another treatment record reflects difficulty with speech (Tr. 671). Plaintiff further points to findings of consultative examiner Dr. Edgar Lopez Suescum, M.D., noting weakness on the left side of the body as well as dysarthria, including mumbling (Tr. 816-17).

Under the regulations, an impairment is "non-severe" if it does not significantly limit a claimant's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1521(a). The claimant carries the burden of demonstrating the severity of his impairment. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). Notably, the fact of a diagnosis is does not itself mandate a finding that the condition is severe. Id. Finally, so long as the ALJ finds one severe impairment and continues on with the evaluation, the Sixth Circuit Court of Appeals has noted that additional findings that other alleged impairments are severe or non-severe is of little consequence. Pompa v. Comm'r of Soc. Sec., 73 F. App'x 801, 803 (6th Cir. 2003).

Here, the ALJ considered that certain limitations may result from Plaintiff's neurological history despite not finding transient ischemic attack to be a severe impairment (Tr. 22). The ALJ proceeded to the subsequent steps and concluded Plaintiff is nevertheless capable of performing sedentary work (Id.). Plaintiff has not identified any specific limitations that the ALJ's RFC finding did not adequately take into account. Thus, the undersigned concludes that the ALJ's findings at the second step are supported by substantial evidence, and Plaintiff's claim is denied.

B

Plaintiff next argues the ALJ erred in failing to evaluate his impairment under Listing 1.03 concerning reconstructive surgery on a weight-bearing joint (DN 13 pp. 5-6). Listing 1.03 requires that the claimant have a history of reconstructive surgery on a weight-bearing joint resulting in an inability to ambulate effectively as defined in Listing 1.00B2b. In this case, the ALJ made a determination regarding Plaintiff's ability to ambulate effectively in his analysis of whether the Plaintiff could meet the requirements of Listing 1.04 (Tr. 17). The ALJ concluded that Plaintiff could not demonstrate such an inability (Id.). As a result, Plaintiff would also be

7

unable to meet the same requirement, an inability to ambulate effectively, under Listing 1.03. Thus, to the extent the ALJ's omission of Listing 1.03 was in error, the error was harmless because the undersigned was able to conduct a meaningful review of the ALJ's decision. *See* Wilson v. Comm'r of Soc. Sec, 378 F.3d 541, 544 (6th Cir. 2004).

Moreover, the ALJ noted Plaintiff's history of reconstructive surgery (Tr. 15, 16, 20). The ALJ further noted that there were years following this surgery and multiple records indicating that, but for one period several years after the surgery, Plaintiff possessed a normal gait (Tr. 20, 21, 307, 739, 752, 815, 825). Plaintiff himself admitted to engaging in activities such as throwing horseshoes, riding bicycles, and working in highway construction (Tr. 22). These activities are not consistent with an inability to ambulate effectively. *See* 20 C.F.R. § 404 Subpt. P., App'x 1, § 1.00(b)(2)(B)(1) (ineffective ambulation includes the inability to engage in activities such as shopping and banking). As a result, it likely did not constitute error for the ALJ to omit a discussion of Listing 1.03, as it does not seem relevant when the record as taken as a whole. However, as noted above, to the extent error exists, the error is harmless. The undersigned therefore concludes Plaintiff's claim is without merit, and it is denied.

C

Finally, Plaintiff argues the ALJ erred because his RFC finding varies from that of the Plaintiff's original disability determination in 2010 (DN 13 at pp. 7-8). Plaintiff bases his challenge on the Sixth Circuit's rule that, where a prior ALJ has determined a claimant is not disabled, and the claimant has applied for disability benefits covering a second period of time, the original RFC finding binds the subsequent ALJ, absent new and material evidence. Drummond v. Comm'r of Soc. Sec., 126 F.3d 837, 843 (6th Cir. 1997). Plaintiff argues that, in

8

this case, the ALJ lowered Plaintiff's RFC from a reduced range of light work to sedentary work (DN 13 p. 7). Plaintiff does not object to the reduction in his RFC from light to sedentary work, but instead takes issue with the fact that the prior assessment included a sit/stand option. Such an option is not present in the current RFC (Id.).

Following the Sixth Circuit's publication of Drummond, the Social Security Administration issued an Acquiescence Ruling interpreting the opinion. SSAR 98-4(6), 63 Fed. Reg. 29771 (June 1, 1998). The Administration first reiterated its general policy that, when considering a disability claim for an unadjudicated time period, an ALJ should consider the facts and legal issues *de novo*. However, noting the Sixth Circuit's contrary conclusion in Drummond, the Administration articulated a new policy for the Sixth Circuit as follows:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

Id.

Plaintiff's argument must fail for the very reason noted in his brief. "[T]he Administrative Law Judge was careful to cite evidence of a changed condition to support lowering the adjudged RFC from light to sedentary. . ." (DN 13 p. 8). Indeed, the ALJ identified specific radiographic findings related to degenerative disc disease as well as chronic narcotic use as sufficient new evidence to warrant a departure from the prior RFC (Tr. 25). Plaintiff does not

9

challenge that this evidence is new or material, and he does not challenge the reduction to sedentary work.

Neither the Sixth Circuit in Drummond nor the Social Security Administration in its acquiescence ruling suggested that a claimant could challenge select portions of a subsequent RFC on grounds of *res judicata*. Doing so would go against the very purpose of the doctrine, to safeguard the finality of judgments, prevent confusion of issues, and conserve judicial resources. Westwood Chemical Co., Inc. v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981). Plaintiff has two options. He could argue that the ALJ has not cited sufficient evidence to warrant a departure from the prior RFC. Alternatively, he could challenge the new RFC on its merits. But cherry-picking the new RFC for unfavorable inconsistencies would only lead to a confusion of issues and waste of judicial resources. *See* Id. Therefore, the undersigned concludes Plaintiff's claim is without merit and is denied.

### ORDER

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence, and judgment is granted for the Commissioner.

Copies: Counsel